IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR20-3023-LTS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S |
| | ) | SENTENCING MEMORANDUM |
| KYLER COLTEN COOK, | ) | |
| | ) | |
| Defendant. | ) | |

I.      WITNESSES:

Defendant does not intend to call any witnesses.

II.     EXHIBITS:

Defendant intends to offer three character letters and a written personal statement which

will be provided by separate filings.

III.    INTRODUCTION

On July 14, 2020, the defendant was charged in a two-count Indictment. Doc. No. 2.  On

September 23, 2020, the defendant pleaded guilty to Count 1 of the Indictment, charging Receipt

of Child Pornography, in violation of 18 U.S.C. §2252(a)(2) and 18 U.S.C. § 2252(b)(1). (PSIR ¶

1).

The Defendant has four criminal history points corresponding to criminal history

category III. (PSIR ¶¶ 36-37). The PSIR calculated a Base Offense Level of 22, an Adjusted

Offense Level of 32, and a Total Offense Level of 29. (PSIR ¶¶ 14-27).  The advisory sentencing

guideline range is 108 months to 135 months imprisonment. (PSIR ¶ 73).  The Defendant faces a

statutory mandatory minimum term of five years' imprisonment. (PSIR ¶ 72).

1

IV.    OFFENSE FACTS

On June 21, 2019, Google became aware of a video file that depicted child pornography, which was stored in the Google Photos infrastructure by the Mr. Cook. Google reported the incident to the National Center for Missing and Exploited Children (NCMEC), which generated a cyber tip. Mr. Cook's email address was associated with the Google account. (PSIR ¶ 8).

On December 3, 2020, law enforcement executed a search warrant and conducted a non-custodial interview of Mr. Cook. Mr. Cook admitted to receiving child pornography on a social media app called Kik, and to saving the images. He also provided law enforcement with his phone. (PSIR ¶ 10).

V.    NO CONTESTED GUIDELINE ISSUES

The parties have not identified any contested issues beyond those in the variance section, below.

VI.    REQUEST FOR VARIANCE

The Defendant requests a variance to USSG §2G2.2(b)(6), where the Sentencing Guidelines recommend a two-level enhancement for use of a computer or an interactive computer service for receipt of child pornography. (*See* PSIR ¶ 18). The Defendant requests the Court vary by enforcing a policy disagreement with USSG §2G2.2(b)(6), and refuse to apply the enhancement to the Defendant.

The Eighth Circuit Court of Appeals has stated that a district court may deviate from the Guidelines because of a policy disagreement, even though the court is not required to do so. *See, e.g.,* United States v. Beckman, 787 F.3d 466, 499 (8th Cir. 2015).

2

It has been said that the §2G2.2(b)(6) use of a computer enhancement, which applies in "almost every case", is contrary to the purpose of enhancements, which "are meant to increase a sentence for conduct more aggravated than the typical type of offense," and that as a result, § 2G2.2 is "an anomaly." United States v. Robinson, 669 F.3d 767, 778 (6th Cir. 2012).

In 1994 and 1995, the United States government prosecuted a total of only 90 defendants who were convicted of possessing, receiving, or distributing child pornography, and only 24% used a computer. *See* U.S. Sent'g. Comm'n, *Report to the Congress: Sex Crimes Against Children* at 29 (1996) [U.S. Sent'g Comm'n, *1996 Report*]. In Fiscal Year 2019, the United States prosecuted 1461 people for trafficking, receiving, or possessing child pornography, 95.8% of which involved an enhancement for use of a computer. U.S. Sent'g. Comm'n, *Use of Guidelines and Specific Offense Characteristics* (2019) at 45, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2019/Use_of_SOC_Guideline_Based.pdf.

While the Eighth Circuit held in United States v. Glassgow, 682 F.3d 1107 (8th Cir. 2012) that a variance from the §2G2.2(b)(6) enhancement for use of a computer in a child pornography possession case is not required, the Court did not foreclose the possibility of such a variance in order reach a substantively reasonable sentence. United States v. Glassgow, 682 F.3d at 1111, *citing* United States v. Maguire, 436 Fed.Appx. 74, 78 (3d Cir. 2011). In an unpublished opinion, the Eighth Circuit further indicated that a variance might be appropriate where the facts of the case cause "concern about U.S.S.G. § 2G2.2(b)(6) and its redundancy with regard to use of a computer in child pornography cases[.]" United States v. Dumas, 745 Fed.Appx. 654 (8th Cir. 2018) (finding the use of a computer enhancement was appropriate given the Defendant's actual use of computers to admit to and encourage others to have sex with

3

children).  *See also* <u>United States v. Burns</u>, 834 F.3d 887, 890 (8th Cir. 2016) (Use of a computer enhancement found reasonable where Defendant used a computer to "morph" images of a minor's face onto images of adult females).

A variance from the U.S.S.G. § 2G2.2(b)(6) enhancement is appropriate in the Defendant's case. Nothing about the facts of the Defendant's case suggests he used a computer in any unique way to receive, view, and store child pornography.  How he accessed and viewed the images using a computer and cell phone appear to be a fairly common to most other child pornography cases.  If an enhancement is "meant to increase a sentence for conduct more aggravated than the typical type of offense," <u>Robinson</u>, *supra*, such an enhancement is anomalous when it is applied in over 95% of cases.

Indeed, in the contemporary era, obtaining child pornography through a means other than a computer appears more enhancement-worthy.  It would require an offender to either produce the child pornography himself, or locate and meet in-person with other people who were connected to a child pornography network.  Interactions of such in-person networks has less of a chance of discovery than one monitored by Google, as in this case, and are therefore more dangerous.  Efforts to obtain child pornography *without* the use of a computer would likely raise questions about the level of a Defendant's forethought and intentional efforts to avoid detection. These reasons might actually form a more reasonable basis for an enhancement in the present day.  As such, the Court should vary from the U.S.S.G. § 2G2.2(b)(6) enhancement in the Defendant's case.

After application of the variance, the Total Offense level would be reduced by 2 to 27. With a criminal history category of III, a reasonable sentence would be one within 87-108 months.

## VII. FINANCIAL PENALTIES

United States Probation did not identify any victims from the images in this case. (PSIR ¶ 98), which was confirmed by the attorney for the government on January 4, 2021. As such, restitution is moot. U.S. Probation also determined the Defendant does not have the ability to pay a financial penalty. (PSIR ¶ 71). The Court has previously determined the Defendant to be indigent so as to necessitate court-appointed counsel. Doc. No. 5. The Defendant requests a minimal fine so as not to impede his eventual transition from his term of imprisonment. 18 U.S.C. § 3572(a)(1)-(2).

## VI. CONCLUSION

The Defendant will argue additional 18 U.S.C. § 3553(a) factors at the time of his sentencing. Defendant respectfully requests this Court sentence him to a sentence that is sufficient, but not greater than necessary to comply with the purposes of sentencing.

Respectfully submitted,

/s/ J. Robert Black
BLACK & WEIR LAW OFFICES, LLC
1904 Farnam Street, Suite 425
Omaha, Nebraska 68102
(402) 965-1457 (phone)
(844) 222-2417 (fax)
rob@blackweirlaw.com

CERTIFICATE OF SERVICE

I do hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I served the foregoing document via the CM/ECF system to the following persons:

Ronald Timmons, Assistant United States Attorney
Beth Sanchez, United States Probation Officer

BY:     /s/ J. Robert Black

5